CHARLES G. SMITH, Bar No. 116242
csmith@tdsmlaw.com
SUZANNE E. SHOAI, Bar No. 232866
sshoai@tdsmlaw.com
TOWLE DENISON SMITH & MANISCALCO, LLP
10866 Wilshire Boulevard, Suite 600
Los Angeles, California 90024
Telephone: 310.446.5445
Facsimile: 310.446.5447

Attorneys for Plaintiff
MEREDITH OLIVER

CONNIE L. MICHAELS, Bar No. 128065
ELIZABETH NGUYEN, Bar No. 238571
PARINI SHROFF, Bar No. 265402
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: cmichaels@littler.com
        enguyen@littler.com
        pshroff@littler.com

Attorneys for Defendants
ASTRAZENECA LP AND ASTRAZENECA
PHARMACEUTICALS, LP

**NOTE CHANGES MADE BY THE COURT.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEREDITH OLIVER, an individual, | Case No. CV 10-03073 RGK (RCx) |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE R. GARY KLAUSNER |
| v. | ~~PROPOSED~~ **PROTECTIVE ORDER** |
| ASTRAZENECA PHARMACEUTICALS, LP, a Delaware Limited Partnership; ASTRAZENECA LP, a Delaware Limited Partnership; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Subject to the approval of this Court, Plaintiff Meredith Oliver ("Oliver" or "Plaintiff") and Defendants AstraZeneca Pharmaceutical, LP and AstraZeneca LP (collectively "Defendants" or "AstraZeneca"), by and through their counsel of record, hereby STIPULATE AND AGREE to the following Protective Order:

## GOOD CAUSE STATEMENT

This above-captioned matter ("Action") involves the employment and subsequent termination of Plaintiff from AstraZeneca. As such, Defendants anticipate producing confidential information and documents related to Defendants' products, strategic marketing, customers, clients, finances, and other proprietary information. The Parties also anticipate that certain of Plaintiff's medical records from health care providers reflecting medical treatment will be produced during discovery.

While the Parties, and each of them, reserve the right to object to and/or challenge whether certain information is confidential, proprietary, a trade secret, personal, and/or private, the Parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is confidential and/or proprietary, and/or information that is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and/or loss to the disclosing Party, to the disclosing nonparty, or other nonparties.

THEREFORE, believing that good cause exists, the Parties hereby stipulate that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of personal, private, confidential, and/or proprietary information.

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation

would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal. The appropriate local rule sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL"</u>: information (regardless of how generated, stored or maintained) or tangible things that are confidential or sensitive proprietary, business, commercial or personal information, including but not limited to confidential information related to Defendants' products, strategic marketing, customers, clients, finances, and other proprietary information or Plaintiff's medical records from health care providers reflecting medical treatment.

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>: CONFIDENTIAL information, including particularly sensitive information, which may include but is not limited to information that constitutes, discloses, reveals, describes or discusses, in whole or in part, trade secrets or personal private information.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs). At present Outside Counsel for AstraZeneca is Littler Mendelson and Outside Counsel for Oliver is Towle Denison Smith & Maniscalco LLP.

2.10 In-House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. Nothing in this Stipulated Protective Order shall be deemed to restrict in any way any Designating Party's use of her or its own documents or information, nor shall it be deemed to restrict a Designating Party's attorney's use of such documents or information.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs; *however, the Court does not retain jurisdiction to enforce this order.*

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., section 5.2(a), below), or as otherwise stipulated or ordered,

material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection by Outside Counsel need not designate them for protection until after the inspecting Party's Outside Counsel has indicated which materials it would like copied and produced. During the inspection by Outside Counsel and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material or no legend if the materials are not protected under this Order. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days following completion of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

If practical, transcript pages containing Protected Material must be separately bound by the court reporter. The court reporter must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the

Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Designating Party may seek ex parte relief to address any situation where the Receiving Party refuses, either directly or indirectly, to accord proper treatment of materials after notice of an inadvertent failure to designate by the Designating Party.

6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by attempting in good faith to confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, each Party has a duty to explain in good faith the basis for its belief that the confidentiality designation was proper or not proper, as

applicable, and the Designating Party must be given an opportunity to review the designated material and reconsider its position.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 37 (and in compliance with Civil Local Rule 37-1, if applicable).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, attempting to settle this litigation, or for any proper purpose in connection with this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

(b) Each individual party who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Representatives of AstraZeneca, such as the officers, directors, and employees (exclusive of In-House Counsel) of AstraZeneca to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) In-House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) Witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(g) the author of the document or the original source of the information.

7.3 **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Any material or information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to the Receiving Party, any officers, directors, or employees thereof, or to any other individual except as otherwise provided herein. Accordingly, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

L:\ENguyen\10-03073 Proposed Protective Order.doc

9.

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-House Counsel of AstraZeneca not to exceed three attorneys, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A)[1];

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author of the document or the original source of the information.

7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written disclosure to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and

---

[1] For clarification, rather than being able to designate a different group of three In-House attorneys for different documents or pieces of information labeled "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", AstraZeneca is limited to sharing all "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" documents or information with the same group of three In-House Counsel.

L:\ENguyen\10-03073 Proposed Protective Order.doc

(3) identifies the Expert's current employer(s).

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. Upon receipt of any such objection, the Party making the request must refrain from disclosing the subject Protected Material to the identified Expert for a reasonable period of time in order to allow the other Party an opportunity to seek the Court's intervention.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

L:\ENguyen\10-03073 Proposed Protective Order.doc

11.

these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the applicable civil local rules.

### 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms

L:\ENguyen\10-03073 Proposed Protective Order.doc

12.

that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Agreements to be Bound.</u>  Where obligated under this Order to have a person sign an "Agreement to be Bound by Protective Order", counsel for each Party will retain a copy of the executed "Agreement to be Bound by Protective Order" while this matter is pending including during the pendency of any appeal. By stipulating to the entry of this Protective Order, no Party waives the right to seek an order compelling an examination of an executed "Agreement to be Bound by Protective Order."

12.4   <u>Agreement to be Bound Prior To Court Approval</u>. The Parties agree to be bound by the Stipulated Protective Order immediately following its full execution. The Parties agree to be bound prior to the Court's approval of the Stipulated Protective Order. Should the Court decline to approve of this Stipulated Protective Order, the Parties agree to further meet and confer in good faith regarding a Revised Stipulated Protective Order for the Court's approval. If the Parties are unable to

reach an agreement on the terms of a Revised Stipulated Protective Order after the Parties meet and confer, the Parties agree to return the Protected Material exchanged pursuant to this Stipulated Protective Order and agree the Protected Material will have the same protections as if this Stipulated Protective Order was signed and approved by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Dated: October 13, 2010

TOWLE DENISON SMITH & MANISCALCO LLP

By: /s/
CHARLES G. SMITH
SUZANNE E. SHOAI
Attorneys for Plaintiff
Meredith Oliver

Dated: October 13, 2010

LITTLER MENDELSON, P.C.

By: /s/
CONNIE L. MICHAELS
ELIZABETH NGUYEN
PARINI SHROFF
Attorneys for Defendants
AstraZeneca Pharmaceuticals, LP
and AstraZeneca, LP

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

L:\ENguyen\10-03073 Proposed Protective Order.doc

14.

## ORDER

GOOD CAUSE appearing, based upon the stipulation of the parties, it is hereby ordered that the terms of the parties' Proposed Protective Order are adopted by this Court. The Parties shall adhere to the terms of the Proposed Protective Order unless modified or otherwise ordered by the Court.

**IT IS SO ORDERED**, as amended at para. 4.

Dated: 10/14/2010

HON. ROSALYN M. CHAPMAN
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

L:\ENguyen\10-03073 Proposed Protective Order.doc

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, do solemnly swear, under penalty of perjury, that I am fully familiar with the terms of the Joint Stipulation Re Protective Order entered in *Meredith Oliver, Plaintiff, v. AstraZeneca Pharmaceuticals, LP and AstraZeneca LP, Defendants*, United States District Court for the Central District of California, Case No. CV 10-03073 RGK (RCx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

NAME: _____

ADDRESS: _____

_____

_____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

L:\ENguyen\10-03073 Proposed Protective Order.doc

16